UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CARLOS HINDS,

        Plaintiff,

                              CASE NO.:

vs.

SYCAMORE PROPERTY
MANAGEMENT, LLC, A
GEORGIA LIMITED LIABILITY
COMPANY,

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CARLOS HINDS, by and through the undersigned attorney, sues the Defendant, SYCAMORE PROPERTY MANAGEMENT, LLC, a Georgia Limited Liability Company, and alleges:

1. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff worked as a maintenance man for Defendant in Atlanta, Georgia.

1

3. During his employment with Defendant, Plaintiff was paid by the hour.

4. Plaintiff worked for Defendant from approximately February 22, 2013 to May 20, 2013.

5. Defendant, SYCAMORE PROPERTY MANAGEMENT, LLC, is a Georgia Limited Liability Company that operates and conducts business in, among others, Atlanta, Georgia and is therefore, within the jurisdiction of this Court.

6. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

9. During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

10. Included in such goods, materials and supplies were maintenance supplies and equipment, office supplies and equipment and other goods and materials which originated from outside the state of Georgia.

11. Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

12. At all times relevant to this action, Defendant failed to comply with the FLSA by failing to pay Plaintiff any overtime compensation for overtime hours worked.

13. During his employment with Defendant, Plaintiff was paid by the hour.

14. Plaintiff's normal schedule was 8:00 A.M. to 5:00 P.M., Monday – Friday.

15. As a maintenance man at an apartment complex, Plaintiff was on call on evening and weekends and would respond to service calls from residents at all times of the week.

16. As a result of such calls, Plaintiff routinely worked overtime hours.

17. However, Defendant would not pay Plaintiff any overtime compensation and would only pay Plaintiff up to 40 hours per week, but not more.

18. Plaintiff has been damaged by the fact that he was not paid overtime compensation for overtime hours worked.

19. Upon information and belief, the records, to the extent any exist

and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

20. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-19 above.

21. Plaintiff was entitled to be paid overtime compensation for each hour worked in excess of forty (40) per work week.

22. During his employment with Defendant, Plaintiff worked overtime hours but was not paid overtime compensation. *See* ¶¶ 12-18.

23. Defendant did not have a good faith decision for its failure to pay Plaintiff any overtime compensation.

24. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

25. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

26. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, CARLOS HINDS, demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable

attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 27th day of November, 2013.

_____
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 425-8171
Email:     RMorgan@forthepeople.com
Attorneys for Plaintiff